UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILLIAM OMAR RODRIGUEZ,                    Civil Action No.:

                Plaintiff,
    -against-
                                               **COMPLAINT**

AR RESOURCES INCORPORATED,                 **DEMAND FOR JURY TRIAL**

                Defendant(s).
-----------------------------------------------------------------X

Plaintiff WILLIAM OMAR RODRIGUEZ ("Plaintiff") as and for its Complaint against the Defendant AR RESOURCES INCORPORATED (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA).

## PARTIES

2.    Plaintiff WILLIAM OMAR RODRIGUEZ is a resident of the State of New York, residing at 2911 West 36th Street, Apartment 12-C, Brooklyn, New York 11224.

3.    Defendant AR RESOURCES INCORPORATED is a company duly organized and existing under the laws of the State of Pennsylvania and engaged in the business of debt collection with an address at 1777 Sentry Parkway West, Merion

Towne Building, Blue Bell, PA 19422.

4.     The Plaintiff is a consumer as the phrase is defined in the FDCPA under 15 USC §1692a (3).

5.     The Defendant **is** a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.     Upon information and belief, and better known to the Defendant, the Defendant placed Plaintiff's account to be listed with credit bureaus on November 19, 2013.

10.    On December 2, 2013, Plaintiff placed a telephone call to Defendant and was connected to a representative whom Plaintiff asked why the account was reported as his understanding was that it was in dispute many years before in 2007. Defendant's representative informed Plaintiff that the charge was from a medical creditor and that Defendant sent correspondence regarding the debt to an incorrect address of Plaintiff.

Plaintiff then gave Defendant his current address and requested whatever correspondence was sent be re-mailed to him.

12. On December 10, 2013, Plaintiff placed another telephone call to Defendant and was connected to a male representative who did not identify himself. Plaintiff asked if the letter he requested on December 2, 2013 was sent and repeated his confusion as to why the debt appeared on his credit report. Defendant's male representative asked, "Why are you disputing it?" Plaintiff replied that he was disputing that it was still on his credit report. Defendant's representative replied, "So you don't dispute that you owe the debt. You're not contesting that." Plaintiff asked Defendant's representative to repeat himself and Defendant's representative said again as a statement and not a question, "You're not contesting that this is a valid debt and that you owe the bill."

13. Plaintiff repeated his confusion that he disputed the charge almost seven years earlier and was still waiting for what he termed a "courtesy letter" from Defendant. Defendant's representative stated, "There's no courtesy letters that are generated or anything like that." Defendant's representative continued, "Part of the reason why this is still open and valid is because, you know, they find you liable for this" and "It was reported on the 19th of November so they found you liable for this, this is the reason it's outstanding."

14. Plaintiff asserted that he had never received the medical services claimed by the creditor and once again asked why it was placed on his credit report in November when it was disputed in 2007. Defendant's representative replied, "It's always been here in our office since 2007." Plaintiff asked, "So it was never reported as a dispute to my credit?" Defendant's representative responded by giving Plaintiff Defendant's fax number to fax his

dispute.

# FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. 15 USC §1692 e – preface prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt or to obtain information concerning a consumer.

17. Defendant violated §1692 e – preface by placing an account with credit bureaus and deceptively attempting to re-age a debt which validity was in dispute by deviously reporting the debt to credit bureaus four months before the statute would run. According to Defendant's representative to whom Plaintiff spoke on December 10, 2013, the debt has "always been in our office since 2007," yet Defendant's representative insisted that the debt Plaintiff had long ago disputed as inaccurate was "still open and valid." Defendant's representative made additional false statements to Plaintiff such as "So you don't dispute that you owe the debt. You're not contesting that" and "You're not contesting that this is a valid debt and that you owe the bill," when nothing Plaintiff said would remotely suggest such an interpretation, and further stated repeatedly, deceptively and inaccurately, "they found you liable for this," deceitfully characterizing Plaintiff as legally guilty of nonpayment of a valid debt. Defendant's representative further refused to honor Plaintiff's verbal dispute but insisted that Plaintiff send Defendant a dispute via facsimile. Defendant herein reveals a deceptive practice

of credit reporting aged debt approaching the statute of limitations with the intent to provoke the consumer into making contact whereupon Defendant's representatives will insist that the consumer's debt is indisputable.

18. 15 USC §1692 e(7) prohibits the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

19. The Defendant violated 15 USC §1692 e(7) by training and/or sanctioning the behavior of Defendant's representative with whom Plaintiff spoke on December 10, 2013. Said employee of Defendant stated, "So you don't dispute that you owe the debt. You're not contesting that" and "You're not contesting that this is a valid debt and that you owe the bill," when Plaintiff never said anything of the kind, accusations clearly intended to paint Plaintiff as disreputable. Even more reprehensibly, Defendant's employee claimed, "Part of the reason why this is still open and valid is because, you know, they find you liable for this" and "It was reported on the 19th of November so they found you liable for this, this is the reason it's outstanding." Defendant deceitfully uses the term "liable," meaning "responsible by law," and "legally responsible" to reproach and shame Plaintiff in a clear example of Defendant's policy of disrespect and aggressive accusations leveled at consumers in order to humiliate them for the benefit of Defendant's debt collection objectives.

20. 15 USC §1692 f – preface prohibits a debt collector from using any unfair and unconscionable means or methods to collect a debt.

21. Defendant violated 15 USC §1692 f – preface by instituting an unfair and unconscionable policy of attempting to begin the clock and re-age debts as they approach seven years by reporting the consumer to credit bureaus shortly before the statute runs with the deliberate intent to provoke contact from the consumer and

resume debt collection. Defendant further trains employees in a manner and demeanor of debt collection that includes unfairly putting words in their mouths, exemplified on December 10, 2013 when by Defendant's representative stated to Plaintiff, "So you don't dispute that you owe the debt. You're not contesting that" and "You're not contesting that this is a valid debt and that you owe the bill," when no such statement or suggestion was made by Plaintiff. Further, Defendant's representative unfairly and unconscionably made blatantly inaccurate, untrue and insulting contentions that Plaintiff was "found liable" for the debt and that the debt was indisputably valid, and when Plaintiff asserted his continued dispute of the alleged charges, unfairly gave Plaintiff no option for dispute except faxing something in writing.

22. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

23. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

   F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: Brooklyn, New York
   July 24, 2014

         Respectfully submitted,


         By:/s/ Yitzchak Zelman_____
         Yitzchak Zelman, Esq. (YZ5857)
         LAW OFFICE OF ALAN J. SASSON, P.C.
         1669 East 12 Street, 2nd Floor
         Brooklyn, New York 11229
         Phone: (718) 339-0856
         Facsimile: (347) 244-7178

*Attorney for Plaintiff*